**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4526

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD CLAY JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:24-cr-00033-1)

Submitted:  July 29, 2025                    Decided:  October 7, 2025

Before HARRIS and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Judson C. MacCallum, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Clay Jackson pleaded guilty without a plea agreement to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1).  The district court imposed a sentence of 102 months' imprisonment, within the Sentencing Guidelines range established by the court.  On appeal, Jackson argues that his sentence is substantively unreasonable.  We affirm.

We review the reasonableness of a sentence for abuse of discretion.  *United States v. Luong*, 125 F.4th 147, 155 (4th Cir. 2025).  Although Jackson makes no challenge to the sentence's procedural reasonableness, we still must ensure that the sentence is procedurally sound before considering its substantive reasonableness.  *Id.* at 156; *see United States v. Nixon*, 130 F.4th 420, 428 (4th Cir. 2025) (stating that this court must "analyze procedural reasonableness before turning to substantive reasonableness" (citation modified)).  A district court imposes a procedurally unreasonable sentence when it "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence."  *United States v. Smith*, 134 F.4th 248, 264 (4th Cir. 2025) (citation modified).  And a district court must make "an individualized assessment [of the defendant] based on the particular facts of the case before it."  *Luong*, 125 F.4th at 156 (citation modified).

Our review of the record reveals no procedural error in Jackson's sentence.  The district court properly calculated Jackson's criminal history, including assessing him three points for a 2004 conviction that included revocations of supervised release.  *See* U.S.

2

Sentencing Guidelines Manual § 4A1.2(k)(2) (2021). We thus conclude that his sentence is procedurally reasonable.

As for substantive reasonableness, we "consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Swain*, 49 F.4th 398, 402 (4th Cir. 2022) (citation modified). Thus, "a sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing." *Id.* (citation modified). But a within-Guidelines sentence is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). That is because "by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Id.* And "such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (citation modified).

The district court imposed a sentence in the middle of the Guidelines range to balance Jackson's post-arrest behavior with his extensive criminal history. In doing so, the court carefully considered the § 3553(a) factors, recognizing that Jackson's post-arrest behavior was commendable but that he had a long history of violent offenses. Applying the presumption of reasonableness, which Jackson fails to rebut, we conclude that his sentence is substantively reasonable.

3

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*